CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 21 2006
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARILYN A. CAIN, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:05cv00665 |
| v. | ) |
| PRIORITY HEALTHCARE CORP., and PRIORITY HEALTHCARE PHARMACY, INC., | ) By: Hon. Michael F. Urbanski |
| | ) United States Magistrate Judge |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on defendants' motion to reduce <u>ad damnum</u>.[1] The parties appeared before the undersigned for a hearing on the record on August 21, 2006.

In this medical malpractice case, plaintiff demands five million dollars ($5,000,000.00), plus costs and interest, in her amended complaint. Defendants argue plaintiff's recovery is limited to a total of one million, seven hundred and fifty thousand dollars ($1,750,000.00), pursuant to Virginia Code Ann. § 8.01-581.15, because defendants are healthcare providers and plaintiff's claims arise out of alleged acts of malpractice that occurred after July 1, 2004 and prior to July 1, 2005.[2] Defendants assert that as the demand in this action exceeds the amount recoverable under the Code of Virginia, plaintiff's counsel is prohibited from asserting a position

---

[1] As defendant Priority Healthcare Pharmacy, Inc. was not added as a defendant in this case until July 13, 2006, defendant Priority Healthcare Corp. was the only defendant to file the motion to reduce <u>ad damnum</u> on May 8, 2006. However, both defendants filed a brief in support of their motion to reduce <u>ad damnum</u> on August 18, 2006.

[2] The alleged malpractice giving rise to this action occurred in April, 2005.

not warranted by existing law, and accordingly, the court should reduce the ad damnum to one million, seven hundred and fifty thousand dollars ($1,750,000.00).

Plaintiff contends that the Virginia medical malpractice cap does not apply in this case, because defendants are not healthcare providers licensed to practice in the Commonwealth of Virginia. Furthermore, plaintiff argues that even if the Virginia medical malpractice cap did apply to plaintiff's claim, defendant's motion to reduce ad damnum is superfluous and serves no practical purpose. Plaintiff cites a number of Virginia cases supporting the notion that the statutory cap outlined in Virginia Code Ann. § 8.01-581.15 is to be applied only after the jury has rendered its verdict. Plaintiff notes that as Federal Rule of Civil Procedure 54(c) requires the court to grant full relief to the party to which it is entitled, even if the party has not demanded such relief in her pleadings, the jury can award any amount it sees fit regardless of the Virginia medical malpractice cap or plaintiff's demand.

Defendants argue in response to plaintiff's opposition to the motion that Priority Healthcare Corp. and Priority Healthcare Pharmacy, Inc. are, in fact, healthcare providers licensed to practice in the Commonwealth of Virginia. Therefore, defendants argue that plaintiff is subject to the Virginia statutory cap on medical malpractice actions. In support of this position, defendants offer licensing information from the Virginia State Board of Pharmacy. Defendants also state in their reply that they do not seek to have the ad damnum reduced prior to verdict.

In her brief, plaintiff cites Paul v. Gomez, 190 F.R.D. 402, 403 (W.D. Va. 2000), in support of her position that defendants' motion is superfluous at this point in the proceedings. In Paul, the court was faced with a motion to strike the ad damnum in a medical malpractice case in

2

which plaintiff requested damages in an amount greater than the statutory cap. Id. at 403. The court noted "[u]nder federal procedure, an ad damnum serves no practical purpose in a contested case, since the court must award the full relief to which the plaintiff is entitled, regardless of the state of the pleadings." Id. at 403. The Paul court granted defendant's motion to strike the amount sued for in excess of the cap, finding plaintiff would not be prejudiced thereby. Id. at 403-04.

Given that the parties in this case have agreed that any motion under the Virginia medical malpractice cap does not come into play unless and until the jury renders its verdict, the issue raised by defendants in this motion is premature at this time. If applicable, defendants may reassert this motion following the jury verdict.

As such, it is **ORDERED** that defendants' motion is **DENIED** without prejudice.

**ENTER:** This 21st day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE